# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIANNE MOONEY,**
**as Personal Representative of the Estate of**
**Charles S. Ainsworth,**

           **Plaintiff,**

**-vs-**                                                                                            **Case No. 6:06-cv-270-Orl-28DAB**

**FLORIDA AGGREGATE SALES, INC.,**

           **Defendant.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 32)**
>
> **FILED:** June 29, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case comes before this Court in an odd posture, due to the original Plaintiff's death shortly after suit was filed. The current Plaintiff was eventually substituted, and the record reflects that the parties have reached a settlement in this Fair Labor Standards Act case. The Court **respectfully recommends** that the settlement (but not the settlement agreement) be **approved** and the case be dismissed.

In considering settlement of a Fair Labor Standards Act ("FLSA") claim, the Court is to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the

FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed.1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

A Settlement Fairness Hearing was held with counsel for Plaintiff participating.[1]  Counsel indicated that the decedent's death greatly complicated prosecution of his overtime claim. Based on the representations of counsel at the hearing and in papers filed, the decedent sought overtime compensation for his employment as a dispatcher with Defendant. Defendant disputed his entitlement to any overtime and raised various affirmative defenses. Plaintiff's counsel noted that there were no

---

[1] Defense counsel's absence is the subject of an Order to Show Cause.

records (all overtime was allegedly "off the clock") and no witnesses. As such, the parties agreed to settle the matter for a total of $8,000 payable to Plaintiff and $10,000.00 payable to Plaintiff's attorneys. While the amount of attorney's fees is higher than usual for this type of claim, under the unique circumstances of this case, and in view of the difficulties of proof and uncertainties arising from the original Plaintiff's death, the parties stipulate and the Court finds that this is a fair and reasonable settlement. In so finding, however, the Court specifically notes that the Settlement Agreement contains terms which appear to be beyond those necessary for present purposes. For this reason, it is **recommended** that the settlement terms, as outlined above, be **APPROVED** by the Court as a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues, but that the Court does not and need not approve all other terms of the Settlement Agreement. If approved, the Court should dismiss the action and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 9, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy